UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAYWELL INONG D.D.S.,

    Plaintiff,

v.

PROTECTIVE LIFE INSURANCE COMPANY,

    Defendant.

No. C 23-03595 WHA

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

## INTRODUCTION

In this disability insurance action, plaintiff insured moves to remand to state court. The basic issue is whether joinder of a non-diverse defendant in a state court action defeats removal after the state court's severance of that defendant. This order holds removal is proper.

## STATEMENT

Plaintiff filed this action in state court against two named defendants: Protective Life Insurance Company, a diverse defendant, and the Commissioner of the California Department of Insurance, an in-state defendant. Protective moved to sever plaintiff's claim against the Commissioner from plaintiff's other claims. The state court did so in a June 21, 2023 order, leaving only the diverse plaintiffs in this action. Protective then removed the case to federal court.

Plaintiff has not argued that the parties before this Court are non-diverse. Nor has plaintiff suggested that the amount in controversy does not meet the required threshold. Plaintiff presents only two remand arguments: (1) removal is barred by the Ninth Circuit's voluntary/involuntary

rule, and (2) removal is premature because, despite the entry of the state court's order severing the non-diverse defendant, the clerk of the court has not yet issued a new case number to the non-diverse defendant.

This order follows full briefing and oral argument.

## ANALYSIS

### 1. THE VOLUNTARY/INVOLUNTARY RULE DID NOT BAR REMOVAL.

Plaintiff's counsel has struck upon a tactic for defeating removal by joining the Commissioner in an ordinary case against an insurer. In both 2017 and 2019, defendant-insurers successfully removed actions brought by plaintiff's counsel to federal court upon the state court's severance of claims against the Commissioner. *Vincent K. Siefe*, *D.D.S. v. Unum Group et al,* No. 2:17-cv-08199 (C.D. Cal. Nov. 9, 2017); *Bonnie Jue. v. Unum Group et al,* No. 3:19-cv-08299 (N.D. Cal. Dec. 19, 2019). Counsel persisted. Two weeks before our hearing in this action, for example, Judge Jacqueline Scott Corley rejected counsel's attempt to remand yet another matter that was removed by a defendant-insurer after the severance of the Commissioner by the state court. *Jason Kiang v. Nationwide Life and Annuity Insurance Company,* No. 3:23-CV-04861-JSC, 2023 WL 8018254 (N.D. Cal. Nov. 20, 2023). The severance order issued by the state court in *Kiang* noted: "Joining a writ of action against the insurance commissioner to a bad faith case against an insurer is a recurring tactic by this plaintiffs' counsel. The tactic has been rejected by severance four times in recent years by three judges of this court." *Id.* at 2. In the present action counsel seeks, yet again, to defeat diversity jurisdiction via joinder of the Commissioner.

Therefore, as to the application of the voluntary/involuntary rule to an action where a state court has created diversity jurisdiction through the severance of any in-state defendants, this order endorses and adopts the analysis contained in the November 20 order by Judge Corley. *Id.* at 2-8.

Counsel severely misunderstands the limits of judicial deference to a plaintiff's choice of forum. Counsel says that a plaintiff may at all times foreclose on diversity jurisdiction by simply joining an unrelated claim against a non-diverse defendant and then objecting to severance. To hold that both courts and defendants are at the mercy of such transparent (and in the case of plaintiff's counsel, repeated) gamesmanship goes well beyond any deference owed.

2

## 2. DEFENDANT'S REMOVAL WAS NOT PREMATURE.

Plaintiff next suggests that removal was premature. The argument goes: "though the state court entered an order severing the Commissioner, removal was premature because the clerk of court had not yet assigned the Commissioner's now-severed matter a new case number, as requested by the court." The law cited in support of this assertion is inapposite. In *Mertan v. E.R. Squibb & Sons, Inc.*, for example, the state court ordered counsel to prepare and file a *proposed* written dismissal of a non-diverse defendant after an oral settlement with such defendant in open court. 581 F. Supp. 751, 753 (C.D. Cal. 1980). The defendant in *Mertan* attempted to remove before the state court approved any such written dismissal. *Ibid*. ("The State Court has not signed or filed any such written Dismissal."). As plaintiff notes, in the instant matter, "on June 21 and 22, 2023, the state court *entered orders* granting Protective's motion to sever" (Br. 3-4).

Section 1446 requires that defendant file a notice of removal "within 30 days after receipt by the defendant, through service or otherwise, of a[n] . . . *order* or other *paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3). In *Mertan*, the order from which removal could be ascertained—the proposed dismissal—had not been entered. Defendant was not on the clock. Here, Protective *was* on the clock (and filed its removal 29 calendar days after the severance order was entered). A defendant's statutory right to removal may not be thwarted by a clerk's administrative delay.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is **DENIED**.

**IT IS SO ORDERED.**

**Dated**: December 7, 2023

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE